UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEDGIE GOMES                               CIVIL ACTION

VERSUS                                     No. 16-17483

HARRAH, INC., ET AL.                       SECTION: "J"(1)

### ORDER AND REASONS

### NATURE OF MOTION AND RELIEF REQUESTED

Before the Court is Defendant Jazz Casino Company, LLC's *Motion for Summary Judgment*. **(Rec. Doc. 15.)** Plaintiff, Sedgie Gomes, filed an opposition to the motion (Rec. Doc. 17) and Defendant filed a reply (Rec. Doc. 19). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

### FACTS AND PROCEDURAL BACKGROUND

This is a premises liability action in which Plaintiff alleges that she fell and sustained injuries due to an alleged sidewalk defect on the property of Harrah's New Orleans Hotel on October 30, 2015. On the day of the incident, Plaintiff was celebrating her birthday in Harrah's Casino with her sister. After a couple hours at the casino, Plaintiff and her sister crossed Poydras Street to get to the parking garage. Plaintiff stepped up from the street and proceeded to walk along the brick sidewalk near Harrah's Hotel. As she was walking, Plaintiff stepped onto

a slightly depressed area of the sidewalk and fell causing injuries to her knees and back. It is undisputed that the deviation at issue measured a depth of less than a one-half (½) inch. Plaintiff insists that she did not trip, rather, she stepped into the depressed spot, lost her balance, and fell.[1]

On October 3, 2016, Plaintiff filed suit in the Civil District Court for the Parish of Orleans. Plaintiff named Harrah, Inc., Harrah's New Orleans Investment Company, Harrah's New Orleans Management Company, and Jazz Casino Company, LLC d/b/a Harrah's New Orleans Casino and Hotel as Defendants. Defendants removed the case to this Court on December 15, 2016. (Rec. Doc. 1.) On March 15, 2017, the Court dismissed Harrah, Inc. without prejudice after counsel failed to appear for the Court's call docket. (Rec. Doc. 7.) On September 22, 2017, the Court granted Plaintiff's *Motion to Dismiss Without Prejudice* relating to all claims against Harrah's New Orleans Investment Company and Harrah's New Orleans Management Company. (Rec. Doc. 14.) Thus, Jazz Casino Company, LLC, the operator of Harrah's Hotel, is the only remaining Defendant in this matter.

---

[1] Plaintiff initially reported that the alleged defect was a result of a missing brick, however, Defendant contends that the change in elevation was due to some of the bricks being lower in the ground than others, or in other words, depressed. It is unclear whether Plaintiff opposes this characterization, however, photographic evidence appears to show that the variation was due to a depression, rather than a missing brick. See Rec. Doc. 15-3 at 43.

On October 10, 2017, Jazz Casino Company, LLC filed the instant *Motion for Summary Judgment* on the grounds that Plaintiff could not meet her burden of proving that the sidewalk condition presented an unreasonable risk of harm. **(Rec. Doc. 15.)** Plaintiff filed an opposition to the motion (Rec. Doc. 17) and Defendant filed a reply (Rec. Doc. 19). The motion is now before the Court on the briefs and without oral argument.

## **PARTIES' ARGUMENTS**

Defendant moves for summary judgment arguing that Plaintiff cannot prove that the sidewalk depression presented an unreasonable risk of harm under La. R.S. 9:2800.6, otherwise known as the Louisiana Merchant Liability Act. Defendant states that Louisiana courts have established that a sidewalk condition, like the one at issue, is not unreasonably dangerous. Specifically, Defendant submits the following: (1) the risk of injury was low because the depression was small (less than ½ inch), (2) Plaintiff is the only person to report an incident at that location, (3) the location is in a highly trafficked area, (4) the utility of sidewalks outweighs the minimal hazard posed by the alleged defect, and (5) the cost to repair and maintain all such variances is prohibitive. In addition, Defendant argues that the sidewalk depression was open and obvious and thus, could not have presented an unreasonable risk of harm. Defendant avers that because the condition was open and obvious, and therefore not unreasonably

3

dangerous, it had no legal duty to Plaintiff to fix or warn of the condition.

Plaintiff argues that there are genuine issues of material fact that preclude summary judgment. First, Plaintiff submits the opinion of a safety expert and civil engineer, Neil B. Hall, stating that "the walking surface shown in the photographs is not planar, flush or even . . . and constitutes a tripping hazard." (Rec. Doc. 17-3.) Second, Plaintiff points to her deposition testimony where she stated that she did not see the sidewalk depression despite the fact that she observed her surroundings before she fell. Third, Plaintiff argues that because the sidewalk depression was large enough for her to fit her foot into and caused her to lose her balance and fall, the sidewalk was in an unreasonably dangerous condition. Plaintiff argues that a missing or misaligned brick could easily be replaced, therefore, the condition should have been corrected which would have prevented her injury. Alternatively, Plaintiff contends that the instant motion is premature because discovery is ongoing.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R.

Civ. P. 56); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may

5

satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

## DISCUSSION

Under Louisiana law, a merchant's liability in a slip and fall matter is governed by Louisiana Revised Statute § 9:2800.6, otherwise known as the Louisiana Merchant Liability Act.[2] A merchant has a duty "to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition," which "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Rev. Stat. § 9:2800.6(A). When a merchant is sued for damages as a result of a fall due to a condition existing in

---

[2] The parties do not dispute that La. R.S. 9:2800.6 is the applicable law in this matter. Furthermore, under La. R.S. 9:2800.6 C(2), hotel operators, such as Defendant, are considered merchants. See Peters v. Jazz Casino Co., LLC, 16-3064, 2017 WL 2798527, at *3 (E.D. La. June 28, 2017) (citing Davis v. Cheema, Inc., 2014-1316 (La. App. 4 Cir. 5/22/15), 171 So. 3d 984).

6

or on the premises, the plaintiff must also prove in addition to all other elements of her cause of action:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. Rev. Stat. § 9:2800.6(B). "The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to plaintiff's cause of action." Bertaut v. Corral Gulfsouth, Inc., 16-93, p. 4 (La. App. 5 Cir. 12/21/2016); 209 So. 3d 352, 356.

In assessing whether a condition presents an unreasonable risk of harm, the Louisiana Supreme Court has adopted a risk-utility test which balances: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities

were dangerous by nature. <u>Martin v. Boyd Racing, L.L.C.</u>, 681 F. App'x 409, 411 (5th Cir. 2017) (citing <u>Bufkin v. Felipe's La., LLC</u>, 14-288, p. 6 (La. 10/15/14); 171 So. 3d 851, 856). If the defective condition is obvious and apparent, a defendant generally does not have a duty to protect against it. <u>Id</u>. To be considered open and obvious, the hazard must "be one that is open and obvious to all, *i.e.*, everyone who may potentially encounter it." <u>Broussard v. State ex rel. Office of State Buildings</u>, 12-1238, p. 17 (La. 4/5/13); 113 So. 3d 175, 184. The open and obvious inquiry thus focuses on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge. <u>Id.</u> at 188. Under Louisiana law, while pedestrians are not required to scrutinize a walkway for irregularities, they do have a duty to see what should be seen and to observe whether a pathway is clear. <u>Williams v. Ruben Residential Properties, LLC</u>, 46,040, p. 8 (La. App. 2 Cir. 3/2/11); 58 So. 3d 534, 541.

Defendant filed the instant motion for summary judgment, seeking dismissal on the grounds that Plaintiff cannot prove that the sidewalk condition presented an unreasonable risk of harm. Defendant also argues that summary judgment is appropriate because the condition was open and obvious, and therefore, the condition could not be unreasonably dangerous and the Defendant had no duty to Plaintiff. To support its motion, Defendant attached

Plaintiff's deposition testimony, photographs of the location, and affidavits from two Jazz Casino employees.

It is uncontested that the incident occurred at 5:30 p.m., while there was still daylight, and that nothing blocked Plaintiff's view of the depression. Defendant argues that when Plaintiff was shown photographs of the depression during her deposition, she admitted that the condition was obvious. Furthermore, Defendant avers that Plaintiff also stated that if she had seen the deviation, she could have easily avoided it. Defendant provides the affidavit of Stacey Dorsey, where she stated that she has been the Director of Security for Jazz Casino since 2006, and to her personal knowledge, there have been no other incidents reported at the location in question. Dorsey also stated that there is a high volume of traffic in the area. However, the record does not reflect the date the depression came into existence.

The size of the variation is minimal, measuring at less than one-half (½) inch. Louisiana courts have held that minor deviations in sidewalks do not rise to the level of unreasonably dangerous conditions. See e.g., Reed v. WalMart Stores, 708 So. 2d 362, 366 (La. 3/4/98) (¼ to ½ inch height variance between concrete squares in Wal-Mart parking lot was not an unreasonable risk of harm); Brown v. Wal-Mart Stores Inc., 16-00310, 2017 WL 3159000, at *4 (W.D. La. July 24, 2017) (less than ½ inch variance

between drain cover and sidewalk in Wal-Mart parking lot did not rise to the level of an unreasonably dangerous condition); Chambers v. Vill. of Moreauville, 11-898 (La. 1/24/12), 85 So. 3d 593, 602 (sidewalk deviation of 1 ¼ to 1 ½ inches did not present an unreasonable risk of harm); but see Johnson v. Brookshire Grocery Co., 32,770 (La. App. 2 Cir. 3/1/00); 754 So. 2d 346 (3 to 4 inch hole in a crosswalk constituted an unreasonable risk of harm); Joseph v. City of New Orleans, 02-1996, p. 7 (La. App. 4 Cir. 3/5/03); 842 So. 2d 420, 425 (sidewalk variance of over 3 inches posed an unreasonable risk of harm). However, the mere small size of the deviation is not dispositive with respect to the risk of harm it may or may not pose. The Louisiana Supreme Court has stated:

> The unreasonable risk of harm criterion entails a myriad of considerations and cannot be applied mechanically. The concept, which requires a balancing of the risk and utility of the condition, is not a simple rule of law which can be applied mechanically to the facts of the case. Because of the plethora of factual questions and other considerations involved, the issue necessarily must be resolved on a case-by-case basis.

Reed v. Wal-Mart Stores, Inc., 708 So. 2d 362, 364 (La. 1998)(citations omitted). Therefore, the size of the deviation is

merely one factor for the Court to consider in determining whether the sidewalk depression was unreasonably dangerous.

In support of her opposition to the motion, Plaintiff offers in addition to her own deposition testimony, the Harrah's Guest Incident Report, and the expert report of Neil B. Hall.[3] Plaintiff argues that her deposition testimony supports the fact that the condition was not open and obvious because it was not apparent to her after a cursory view of her surroundings.[4] Plaintiff claims that she was exercising reasonable care under the circumstances because it appeared to her that she had a clear path in which to walk. Furthermore, Plaintiff claims that the condition was too small to be considered obvious and apparent. However, because it was large enough for Plaintiff's foot to sink into, Plaintiff contends that it also presented an unreasonable risk of harm.

The Court finds that based on the record presented, Defendant is not entitled to summary judgment as a matter of law. There remain issues of material fact as to whether the condition was

---

[3] Defendant objects to the use of Plaintiff's civil engineer expert report because it is an unsworn document, and therefore, improper summary judgment evidence. In the Fifth Circuit, "[u]nsworn expert reports . . . do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment." Provident Life & Acc. Ins. Co. v. Goel, 274 F.3d 984, 1000 (5th Cir. 2001) (citations omitted). Thus, the Court sustains Defendant's objection and will not consider the report or the opinion it contains.

[4] Plaintiff claims that she saw the alleged defect for the first time in the photographs taken by her sister and that she never saw it "live" in person. As previously noted, Plaintiff claims that before the fall, the depression was not apparent to her despite checking her surroundings as she walked. After her fall, Plaintiff claims that she did not look back at the area and that hotel security placed her into a wheelchair and brought into the hotel lobby.

open and obvious and whether it presented an unreasonable risk of harm. Although Plaintiff admitted that the photographs show there is something different about the sidewalk where she fell, Plaintiff also testified that she conducted a cursory view of the area as she was walking "like normal" and failed to notice the depression.[5] Plaintiff claims that she was exercising reasonable care under the circumstances and it appeared to her that she had a clear path in which to walk. In addition, Plaintiff testified that she would have seen the depression and could have avoided it only if she had looked down at the sidewalk constantly as she walked. Drawing all inferences in favor of Plaintiff and refraining from making any credibility determinations, the Court finds that there is a genuine issue of material fact to whether the condition was open and apparent to all those who encountered it.

Defendant also asks this Court to grant summary judgment based on the photographs alone, arguing that they "clearly demonstrate that the depression was obvious and apparent." (Rec. Doc. 19-2 at

---

[5] At Plaintiff's deposition, counsel for Defendant pointed to the photographs taken by Plaintiff's sister shortly after the incident and asked Plaintiff if it is "obvious to [her] that there's something different about that spot in the brick." Plaintiff answered affirmatively stating that "[i]t looks like [the spot] is not even with the rest of the bricks on the ground." (Rec. Doc. 15-3 at 20.) Counsel for Defendant also asked Plaintiff, "At any time before you fell . . . did you glance at the sidewalk to make sure that the sidewalk was level?" She responded, "Yes. As we were walking, we looked down, look [sic] on the side, look [sic] at the hotel, look [sic] at the lights, laugh [sic] with some people, you know, that was [sic] in town. Of course we look [sic] in front. We saw the trash can there, but I didn't walk constantly looking down at the ground." Id. at 21.

4.) However, the Court does not find that the photographs depict a condition that is necessarily open and obvious to all that would encounter it. What may be obvious in a photograph, may not be obvious to those reasonable persons traversing the location with ordinary care. This is especially true given the small, sunken nature of this deviation and the limited perspective the photographs provide. Here, a reasonable juror could find that the depression is hidden and unreasonably dangerous to prudent persons exercising ordinary care as they walk along the otherwise level brick sidewalk in a highly-trafficked area. As previously stated, whether the condition is open and apparent is one of many factors under the risk-utility test to be considered in determining whether that condition presents an unreasonable risk of harm. "[W]hether a defect presents an unreasonable risk of harm is 'a matter wed to the facts' and must be determined in light of facts and circumstances of each particular case." Broussard, 113 So. 3d at 183 (quoting Dupree v. City of New Orleans, 99-3651, pp. 13-14 (La. 8/31/00); 765 So. 2d 1002, 1012)). The Court finds that Defendant is not entitled to summary judgment as a matter of law and the question of whether the condition presented an unreasonable risk of harm is better left to the jury in this case.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Jazz Casino Company, LLC's *Motion for Summary Judgment* **(Rec. Doc. 15)** is **DENIED**.

New Orleans, Louisiana this 15nd day of December, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE